ELIZABETH GILBERT *vs.* SALLY FELTON.

In an action of tort for breaking and entering a close, under an answer setting up the defendant's possession for more than twenty years previously, and also soil and freehold in the defendant, the defendant may give in evidence admissions of his title by the plaintiff and those under whom the plaintiff claims.

ACTION OF TORT for breaking and entering the plaintiff's close in Marblehead. The answer denied the entry of any close of the plaintiff; denied the plaintiff's title and possession of the close described at the time of the alleged trespass; and averred that at and for more than twenty years before that time, and when this writ was sued out, the defendant was in peaceable possession thereof; and that the close was her soil and freehold.

At the trial in the court of common pleas, before *Sanger*, J., the plaintiff gave in evidence a recorded deed of the close to John Graves in 1802; his possession thereof until his death in 1839; and a devise of all his real estate to the plaintiff, by a will executed in 1835.

The defendant offered to prove that, from 1821 to 1839, Graves occupied the close under annual contracts, by which he hired it of the defendant to cultivate for her "at the halves," and did so cultivate it, and paid her as rent half of the produce, and always admitted, during that time, that it was the land of

the defendant, and "that he was carrying it on for her at the halves;" and that the plaintiff, since the death of Graves, had frequently admitted that the land belonged to the defendant. The avowed purpose of offering this evidence was "to show that the defendant had occupied the land for upwards of twenty years, peaceably and uninterruptedly, and adversely to Graves;" and the defendant's counsel, in reply to a question of the presiding judge, said "he did not rely upon any paper title, except such as might be presumed from such possession as was set out in the defendant's answer." And the judge excluded the evidence.

The defendant then, in order to show that Graves, when he made his will, had divested himself of all title, and to explain the occupation and admissions of Graves and the possession of the defendant, produced and offered in evidence a mortgage made by Graves to the defendant's husband in 1813, and the note secured thereby; and offered parol evidence of an entry to foreclose in 1821, by her husband, who went to sea the next year, and had not since been heard of; and of the consent of his heirs to the defendant's occupation; and proposed to show, by admissions of Graves, and of the plaintiff and others claiming under him, since his death, that the defendant, from the time of the foreclosure, held under this title, and had a possessory right in the estate. The plaintiff objected to this evidence as inadmissible under the pleadings, and the judge sustained the objection and excluded the evidence.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. H. Robinson,* for the defendant, cited *Doe* v. *Pettett,* 5 B. & Ald. 223; *Peaceable* v. *Watson,* 4 Taunt. 16; *West* v. *Price* 2 J. J. Marsh. 380; *Snelgrove* v. *Martin,* 2 McCord, 241; *Hall* v. *James,* 3 McCord, 222; *Turpin* v. *Brannon,* 3 McCord, 261; *Weidman* v. *Kohr,* 4 S. & R. 174; *Smith* v. *Martin,* 17 Conn. 399: *Waring* v. *Warren,* 1 Johns. 340; *Jackson* v. *Bard,* 4 Johns. 230; *Marcy* v. *Stone,* 8 Cush. 4; 1 Greenl. Ev. §§ 108, 189, and cases cited.

*O. P. Lord,* for the plaintiff. The offer of the declarations of Graves was an attempt to prove by parol an alienation of an

estate of which he is shown to have been seized, and that his occupation was adverse to himself; and is therefore incompetent. The other evidence had no tendency to prove peaceable, adverse, exclusive and uninterrupted possession by the defendant. None of the evidence was admissible under the pleadings.

METCALF, J. The authorities cited for the defendant show that the evidence which was rejected was legally admissible, unless the state of the pleadings rendered it incompetent or irrelevant. And it seems to have been rejected because it was deemed inadmissible under the pleadings.

If the defendant's answer had gone no further than to aver her possession of the close at the time of the alleged trespass upon it, and for more than twenty years previously, the exclusion of the evidence might perhaps have been right. But the answer furthermore avers that the close is the defendant's soil and freehold. The whole answer therefore sets up as a defence, that the defendant has a freehold estate in the close, and was in peaceable possession thereof for more than twenty years before the alleged trespass was committed. This is a justification, *prima facie* at least, of the acts complained of by the plaintiff, and entitles the defendant to give the same evidence in defence, which she might have given under the old plea of *liberum tenementum.* The excluded evidence should therefore have been received. Its effect was for the consideration of the jury.

The plaintiff has made no reply to the defendant's answer. Whether, for this reason, she would be precluded by the provisions of the practice act from giving evidence, if it exists, of a lease of the close to her by the defendant, and thus showing that this action is maintainable, although the defendant has a freehold interest in the close, (1 Chit. Pl. 6th Amer. ed. 626, 627,) is a question on which no opinion is now required.

*New trial granted.*